UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL HART,<br><br>      Petitioner,<br><br>      v.<br><br>MCI CONCORD SUPERINTENDENT,<br><br>      Respondent. | Civil Action No.<br>12-11217-FDS |

MEMORANDUM AND ORDER
ON RESPONDENT'S MOTION TO DISMISS

**SAYLOR, J.**

      This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 by a person in state custody. Petitioner Michael Hart was convicted of one count of first-degree murder and two counts of assault in Massachusetts Superior Court on April 2, 2007. He was sentenced to serve a term of life imprisonment on the murder conviction, and concurrent terms of nine to ten years' imprisonment on the assault convictions. He now seeks habeas relief pursuant to 28 U.S.C. § 2254.

      Respondent, the Superintendent of the Massachusetts Correctional Institution at Concord, has moved to dismiss the petition, contending that Hart failed to exhaust his available state remedies as to one of the three claims contained in the petition. For the reasons set forth below, that motion will be denied, and the Court will take up the § 2254 petition in due course.

## I.     Factual Background

### A.     State Court Proceedings

Hart was convicted by a jury on April 2, 2007, in Suffolk Superior Court on charges of first-degree murder, assault and battery with a dangerous weapon, and armed assault with intent to murder. He appealed his convictions. On October 20, 2009, the Supreme Judicial Court affirmed the jury verdict and "[found] no reason to exercise [its] power under [M.G.L.] c. 278, § 33E." (Mot. to Dis. at App. 19).

On September 24, 2010, Hart filed a motion for a new trial and an accompanying motion for post-conviction discovery and testing. That motion was initially denied, but upon reconsideration and the filing of subsequent motions, the Superior Court issued an order on January 4, 2011, allowing funds in the amount of $1,500 for the services of a forensic expert. Ten days later, after reviewing the initial expert analysis, Hart filed a request for funds for further forensic crime scene reconstruction, and for an order for additional discovery. That motion was denied on February 25, 2011, and a motion for reconsideration of the same was denied on June 20.

On July 21, 2011, Hart filed an Application for Leave to Obtain Further Appellate Review ("ALOFAR") with the Massachusetts Supreme Judicial Court. In his ALOFAR, he alleged, among other things, a "denial of state and federal due process in the trial court's refusal to grant funds for further forensic expertise, given the defendant's showing that such expertise will support and confirm actual innocence." (ALOFAR at 1-2). The Supreme Judicial Court denied the ALOFAR on June 21, 2012, finding that it failed to "present a new and substantial question which ought to be considered by the full court." (Mot. to Dis. at App. 95).

### B. Federal Proceedings

On July 6, 2012, Hart filed the present petition for a writ of habeas corpus. The petition raises the following three grounds for review: (1) the denial of funds for forensic investigation violated his federal right to counsel, and federal right to due process when there is state right to counsel; (2) trial counsel's advice to alibi witnesses not to come forward amounted to ineffective assistance in violation of the Sixth Amendment; and (3) the Massachusetts murder statute's procedure limiting the ability to bring ineffective assistance claims before the full bench violates federal due process and equal protection.

Respondent has moved to dismiss the petition, alleging that Hart failed to exhaust his state court remedies as to all of his claims before filing the petition in this Court. Specifically, respondent contends that ground one of the habeas petition, concerning denial of the rights to counsel and due process, is not exhausted because Hart did not adequately present that ground in his ALOFAR to the Supreme Judicial Court.

## III. Analysis

### A. Exhaustion of Claims

A federal court may not consider a petition for a writ of habeas corpus filed by a person in state custody unless the petitioner has exhausted his state court remedies with respect to all claims raised in his application. *See* 28 U.S.C. § 2254(b)(1); *see also Rose v. Lundy*, 455 U.S. 509, 518 (1982). It is the petitioner's burden to demonstrate exhaustion as to all claims. *Barresi v. Maloney*, 296 F.3d 48, 51 (1st Cir. 2002). In order to satisfy the exhaustion requirement, a petitioner must establish that both the factual and legal bases of his federal claim were "fairly and recognizably presented to the state courts." *Adelson v. DiPaola*, 131 F.3d 259, 262 (1st Cir.

1997) (citing *Picard v. Connor*, 404 U.S. 270, 276-77 (1971)).  The First Circuit has held that the test to determine whether such bases were adequately presented "is substantive: was the claim presented in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question?"  *Scarpa v. DuBois*, 38 F.3d 1, 6 (1st Cir. 1994).  In petitions arising from Massachusetts state court decisions, a petitioner must raise an appealed issue to the Supreme Judicial Court within "the four corners of the ALOFAR" in order for the issue to be "fairly presented" for exhaustion purposes.  *Mele v. Fitchburg*, 850 F.2d 817, 820 (1st Cir. 1988).

      Respondent contends that petitioner failed to sufficiently present ground one of his petition to the SJC.  Respondent divides the claim into two theories concerning the denial of funds for forensic investigation; first, that it violated petitioner's (Sixth Amendment) federal right to counsel, and second, that it violated his (Fourteenth Amendment) federal right to due process because it violated his state right to counsel.  (Mot. to Dis. at 8).  Respondent then cites to the ALOFAR and contends that the passages referred to did not present an issue involving substantially the same "constitutional analysis necessary to resolve the ultimate question posed in the habeas petition."  *Adelson*, 131 F.3d at 262.  Respondent contends that the petition's assertions that the denial of funds violated both federal and state due process were not sufficient to present fairly the theory that the denial "violated [p]etitioner's federal right to due process *specifically because* it violated his *state-law right to counsel*."  (Mot. to Dism. at 11) (emphasis in original).

      In opposition to the motion, petitioner contends that the issues raised in his ALOFAR put the SJC on clear notice that the federal constitutional claims had been raised with respect to the

denial of funds for forensic investigation.  Petitioner further contends that his ALOFAR incorporated by reference his pleadings on the issue of his request for additional funds, including his motion for reconsideration, which specifically argued that the denial of his state-law right to counsel constituted a federal due-process violation.  (Obj. at 4).

Respondent contends that petitioner cannot rely on the underlying pleadings in light of *Baldwin v. Reese,* 541 U.S. 27, 31 (2004).  That decision limited the previously available "backdrop" exception, which allowed filings in lower state courts to be taken into account where the nature of a claim included in an application to the highest court was ambiguous.  Respondent correctly notes, however, that the First Circuit has not decided whether *Baldwin* overruled all of the "backdrop" exception.

This Court likewise does not need to decide that question, because the discussion of *Baldwin* and the "backdrop" line of cases is misplaced.  Those cases deal with situations where the state court may not have been alerted to the federal nature of a petitioner's claims.  *See Baldwin,* 541 U.S. at 33 (discussing whether the petition at issue "might have alerted the court to the alleged federal nature of the claim"); *Clements v. Maloney*, 485 F.3d 158, 159 (finding that *Baldwin* analysis was unnecessary when the petition "is unmistakably couched only in state law terms"); *Lucy v. Attorney General of N.J.*, 2009 U.S. Dist. LEXIS 34633 at *7-9 n. 2 (D.N.J. Apr. 23, 2009) (discussing *Baldwin* and *Duncan v. Henry*, 513 U.S. 364 (1995) as cases that help define what is required to indicate the federal nature of a habeas claim).  The case here involves no ambiguity with respect to the federal nature of petitioner's claims.  The petitioner, perhaps following the advice of the *Baldwin* court, "simply label[ed] the claim[s] 'federal.'"  541 U.S. at

32.[1]  The Court therefore need only determine whether the matters set forth within the four corners of the ALOFAR sufficiently alerted the SJC that petitioner was raising federal due process claims related to the denial of funding for a forensic expert.  *Baldwin* does not foreclose the ALOFAR from referring to the previous filings for this purpose, but such references must "do more than scatter some makeshift needles in the haystack of the state court record." *Martens v. Shannon*, 836 F.2d 715, 717 (1st Cir. 1988).

The Court finds that, even if the references to the underlying state court pleadings are too cursory to provide any guidance, the ALOFAR presented at least the second theory of the claim in ground one "in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question." *Scarpa*, 38 F.3d at 6.  As the respondent concedes, petitioner's "Gatekeeper Petition to the SJC Single Justice did include argumentation concerning the importance of forensic investigation and the need for funds." (Mot. To Dism. at 8).  Specifically, the Court finds that the following passages from the ALOFAR would have alerted a reasonable jurist to the Fourteenth Amendment due process claim based on state right to counsel, and the facts underlying it:

> Mr. Hart additionally asserts a *denial* of state and *federal due process in the trial court's refusal to grant funds for further forensic expertise*, given the defendant's showing that such expertise will support and confirm actual innocence . . .
> The defendant requested *additional funds for further forensic expertise*. This request was denied. The defendant moved for reconsideration, citing state and *federal due process concerns* as outlined in his pleadings and incorporated hereinafter by reference . . .
> The trial court denied the defendant *due process*, state and *federal*, in *refusing the defendant further funds* for forensic proof of innocence . . .
>
> Even if the trial judge were personally persuaded that an expert's admissible

---

[1] Petitioner specifically cites "federal due process" and "federal constitutional law" in his ALOFAR. (ALOFAR at 2, 3).

> testimony dispositive of a material issue might not have altered the jury's verdict, the trial judge would still be obligated under Rule 30 jurisprudence, and under the *Fifth, Sixth, and Fourteenth Amendments*, to grant a new trial because a criminal defendant is entitled to have a jury decide the matter, and to have a lawyer effectively assist him in presenting all proof favorable to the defense.
>
> (ALOFAR at 2, 5, 9-10) (emphasis added).

It is of no consequence that Fourteenth Amendment due process implicates other state-law rights in addition to the right to counsel, because the factual context would alert a reasonable jurist that the right to counsel was at least one of the rights invoked by the petitioner's reference to the due process clause.

Furthermore, the Court finds that petitioner's other theory in ground one (deprivation of his federal right to counsel under the Sixth Amendment) was effectively exhausted as well. The First Circuit has held that "as a general rule, presenting a state-law claim that is functionally identical to a federal-law claim suffices to effectuate fair presentment of the latter claim." *Scarpa v. Dubois*, 38 F.3d 1, 7 (1st Cir. 1994) (citing *Nadworny v. Fair*, 872 F.2d 1093, 1099-1100 (1st Cir. 1989)). Both the Massachusetts Constitution and the United States Constitution impose a duty on defense counsel to "conduct an independent investigation of the facts, including an investigation of the forensic, medical, or scientific evidence." *Commonwealth v. Baker*, 440 Mass. 519, 529 (2003) (citing *Commonwealth v. Saferian*, 366 Mass. 89, 96 (1974) and *Strickland v. Washington*, 466 U.S. 668, 690 (1984)). Petitioner contends that by denying his request for post-conviction discovery funds, the court effectively deprived him of his right to effective assistance of counsel. Although this Court finds it doubtful that an indigent defendant's limited right to state funds for investigation extends to this post-conviction discovery request, that goes to the merits of petitioner's claim, and so need not be addressed

here.[2]  What is relevant for exhaustion purposes is that this analysis on the merits would be essentially equivalent under state and federal constitutional law.

In light of the above analysis, the Court finds that this is not a situation, as in *Domaingue v. Butterworth*, where the federal claim at issue, despite being substantially equivalent to that raised before the SJC, "depends in large measure on factual allegations outside the record on direct appeal to the state courts."  641 F.2d 8, 12 (1st Cir. 1981).  The facts and substantially equivalent legal theory were before the single judge of the SJC, and he denied the petitioner leave to further appeal.   Therefore, this Court finds that petitioner indeed exhausted the available state remedies.

## IV.     Conclusion

For the foregoing reasons, respondent's motion to dismiss the petition will be DENIED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated:  November 27, 2012

---

[2]  *See Commonwealth v. Conceicao*, 388 Mass 255 (1983) (holding that an indigent defendant does not have absolute right to have counsel appointed to represent him on motion for new trial); *Coleman v. Thompson*, 501 U.S. 722, 752 (1991) (holding that generally "[t]here is no constitutional right to an attorney in state post-conviction proceedings").